**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT J. HAMILTON, CDCR #AU-2583, <br><br> Plaintiff, <br><br> vs. <br><br> ALAN E. SPEARS, Appeal Attorney, <br><br> Defendant. | Case No.: 18cv2429-BAS(WVG) <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Albert J. Hamilton, currently incarcerated at California State Prison – Los Angeles, in Lancaster, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.) He seeks $500,000 from his appointed appellate attorney based on claims of ineffective assistance of counsel. (*Id.* at 2–3, 5–6.)

**I.    Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and he has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. While the Court would ordinarily grant Plaintiff leave to file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Plaintiff is no longer entitled to that privilege, and his Complaint fails to state a claim upon which § 1983 relief can be granted.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.    <u>Application to Plaintiff's Complaint</u>**

As an initial matter, the Court has reviewed Plaintiff's Complaint and has ascertained that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Andrews*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

Instead, Plaintiff seeks damages against his appointed appellate counsel based on claims that he "withheld case discovery," "altered trial transcripts in [an] opening brief," and failed to otherwise challenge his criminal conviction on prosecutorial misconduct and "false evidence" grounds in violation of his Sixth Amendment right to effective assistance of counsel. (*See* Compl. 3, 5–6.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Thus, this Court takes judicial notice that Plaintiff, Albert J. Hamilton, identified as CDCR Inmate #AU-2583, has had more than three prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Hamilton. v. Dept. of Corr. & Rehab. Medical, et al.*, Civil Case No. 2:16-cv-00598-KJN (E.D. Cal. May 19, 2016) (Order dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 8); (E.D. Cal. June 24, 2016) (Order dismissing civil action pursuant to Fed. R. Civ. P. 41(a)) (ECF No. 15) (strike one);[2]

2) *Hamilton v. Jurban, et al.*, Civil Case No. 2:17-cv-05297-ODW-SS (C.D. Cal., West. Div., Feb. 9, 2018) (Memorandum and Order dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A) (ECF No. 20); (C.D. Cal., West. Div., March 26, 2018) (Report and Recommendation ["R&R"] to dismiss for failure to prosecute in compliance with court order requiring amendment) (ECF No. 22); (C.D. Cal., West. Div., April 17, 2018) (Order Accepting Findings, Conclusions and Recommendations) (ECF No. 25) (strike two);

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

3) *Hamilton v. Jurban, et al.*, U.S. Court of Appeals for the Ninth Circuit, Case No. 18-55762 (Aug. 24, 2018 Order dismissing appeal "as frivolous pursuant to 28 U.S.C. § 1915(e)(2)" (Dkt. No. 8); (Sept. 17, 2018 Mandate Issued) (Dkt. No. 9) (strike three);[3] and

4) *Hamilton v. Dept. of Corrections*, Civil Case No. 2:18-cv-08642-ODW-SS (C.D. Cal., West. Div., Oct. 17, 2018) (Order denying request to proceed IFP for failing to comply with 28 U.S.C. § 1915(a)(2) and as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted") (ECF No. 4) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Andrews*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III. Initial Screening pursuant to 28 U.S.C. § 1915A

Even if Plaintiff were to pay the full filing fee or was eligible to proceed IFP, however, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires sua sponte dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the

---

[3] "Strikes are prior cases *or appeals*, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted) (emphasis added).

expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted). "To survive § 1915A review, a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (quoting *Nordstom*, 762 F.3d at 908; *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

Plaintiff's Complaint seeks monetary damages against his appellate counsel based on claims of ineffective assistance of counsel, pursuant to 42 U.S.C. § 1983. (*See* Compl. 2–3, 5–6.) But to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that his counsel acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants, either during trial or on appeal, do not act "under color of state law" pursuant to 42 U.S.C. § 1983, however, because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, *i.e.*, meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county."); *Young v. Needle*, 978 F.2d 717, at *1 (9th Cir. 1992) (unpub.) (district court properly dismissed § 1983 action against habeas attorney because *Dodson* compels a conclusion that plaintiff

"cannot successfully state a § 1983 claim against his attorney for failing to file a timely notice of appeal or for failing to adequately represent him in his habeas action.").

Thus, the Court finds Plaintiff's Complaint also fails to state a claim upon which § 1983 relief can be granted, and therefore, it is further subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915A(b)(1).

## IV. Conclusion and Orders

For the reasons explained, the Court:

(1) **DISMISSES** this civil action sua sponte for failure to pay filing fees required by 28 U.S.C. § 1914(a) and for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1);

(2) **CERTIFIES** that an IFP appeal from this Order would not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATED: **January 14, 2019**

Hon. Cynthia Bashant
United States District Judge